RECEIVED
IN LAKE CHARLES, LA.
JAN 29 2013
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOHN A. PETERS | : | CIVIL ACTION NO. 2:11-cv-1634 |
| VS. | : | JUDGE PATRICIA MINALDI |
| MARITIME ENDEAVORS SHIPPING, ET AL | : | MAG. JUDGE KATHLEEN KAY |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [Doc. 24], filed by the defendants, Maritime Endeavors Shipping Company, Ltd., TMS Bulkers, LTD, OceanFreight, Inc., and Kifissia Star Owners, Inc. The plaintiff, Mr. John Peters, Sr., did not file a response. For the reasons stated herein, the defendants' motion will be GRANTED.

## BACKGROUND

Peters brought this Longshore and Harbor Workers' Compensation Act ("LHWCA") action against the defendants, alleging injuries he received as a result of a fall from a collapsed plank extension on the M/V Augusta, a vessel which allegedly belonged to the defendants.[1] He filed his petition in the Fourteenth Judicial Court of Calcasieu Parish, and the defendants then removed the case to this court based on diversity jurisdiction.[2] *See generally* 28 U.S.C. § 1332.[3]

On August 13, 2010, Peters allegedly sustained injuries while walking down the gangway of the M/V AUGUSTA as it was docked in the Port of Lake Charles.[4] At the time, Peters

---

[1] Pl.'s Compl. [Doc. 1-2] at ¶¶ 5 – 9.

[2] Defs.' Not. of Removal, [Doc. 1], at ¶ 11. The defendants alleged that diversity jurisdiction existed because the two non-diverse defendants mentioned in this motion, Maritime Endeavors and Basden Agencies, were improperly joined, as they are local husbanding agents who did not have ownership or control of the M/V Augusta.

[3] While not addressed in their Notice of Removal, jurisdiction is also proper because this is a maritime case. Article III, Section 2 of the United States Constitution grants original jurisdiction to U.S. federal courts over admiralty and maritime matters; however, that jurisdiction is not exclusive, and most maritime cases can be heard in either state or federal courts under the "saving to suitors" clause. 28 U.S.C. § 1333.

[4] [Doc. 1-2] at ¶ 9.

1

worked for James J. Flanagan Shipping Corp. as a longshoreman at the Port of Lake Charles.[5] Peters alleges that he stepped onto a wooden extension between the bottom of the M/V AUGUSTA's gangway and the dock while walking to the vessel.[6] As a result, the wooden extension collapsed, causing Peters to fall approximately four feet to the dock.[7] Peters avers that he sustained serious injuries from the fall.[8]

Maritime Endeavors is a husbanding agency that provides services to owners, operators, and managers of seagoing vessels.[9] In August of 2010, on or about the time that Peters suffered his injuries, TMS Dry, Ltd., the manager of the M/V AUGUSTA, hired Maritime Endeavors as a husbanding agent for the M/V Augusta while it was docked in Lake Charles.[10] On or about the same time, K2 Shipping, the charterer of the M/V AUGUSTA, hired Basden as a husbanding agent for the vessel in a different capacity.[11] The uncontested facts show that Maritime Endeavors and Basden never owned, operated, or managed the M/V Augusta, and never had the authority to operate, control, or manage it.[12] Further, they had no responsibility or control over

---

[5] *Id.* at ¶ 3.

[6] *Id.* at ¶ 7.

[7] *Id.* at ¶ 8.

[8] *Id.* at ¶ 9.

[9] Defs.' Statement of Uncontested Material Facts, [Doc. 24-2], at ¶ 1.

[10] *Id.* at ¶¶ 2 – 3. Maritime Endeavors assisted the master of the M/V Augusta by acting as a liaison between the vessel and the local port authority and Coast Guard, and by making arrangements for the convenience of the vessel, such as fresh water and bunkers. *Id.* at ¶ 3.

[11] *Id.* at ¶ 5. Basden assisted the M/V Augusta with preparing customs and immigration forms and arranging for loading of the vessel, piloting and tug assistance. *Id.* at ¶ 6.

[12] *Id.* at ¶ 7.

the vessel's crew.[13] They did not inspect, maintain, repair, or otherwise have any involvement with, or responsibility for, the M/V Augusta or its equipment, including the vessel's accommodation ladder/gangway.[14] Finally, they did not control, position, or adjust the accommodation ladder/gangway on the M/V Augusta.[15]

## LEGAL STANDARDS

### I. SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment

---

[13] *Id.* at ¶ 8.

[14] *Id.* at ¶ 9.

[15] *Id.* at ¶ 10.

is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## II. EFFECT OF NON-MOVANT NOT FILING SUMMARY JUDGMENT RESPONSE

The Western District of Louisiana's Local Rule 56.2 requires a party's opposition to a motion for summary judgment to include a "separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried." LR56.2  Additionally, "[a]ll material facts set forth in the statement required to be served by the moving party will be admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*  As the plaintiff has failed to file a response to the defendants' motion for summary judgment at all, all material facts set forth in their statement of material facts are deemed admitted.

## LAW & ANALYSIS

It is uncontested that Peters was employed as a longshoreman.[16]  Therefore, Peters' claims against the defendants are governed by the Longshore and Harbor Workers' Compensation Act. *See generally* 33 U.S.C. § 905. "Under the 1972 Amendments to the LHWCA, 33 U.S.C. § 905(b), a longshoreman is entitled to recover damages for those injuries caused by the negligence of the vessel or vessel operators." *Mallard v. Aluminum Co. of Canada, Ltd.*, 634 F.2d 236, 242 (5th Cir. 1981).

The uncontested evidence demonstrates that the function of Maritime Endeavors and Basden was to provide "husbanding" type services such as acting as a liaison to arrange water and bunker delivery and to operate as a port agent to make contractual arrangements.[17]  A

---

[16] [Doc. 1-2] at ¶ 7.

[17] *Id.* at ¶¶ 3, 5 –6.

As one court noted:

4

husbanding agent who does not exercise any control over the vessel and does not carry out maintenance or repairs has no duty to the injured plaintiff. *See Romero v. Garcia & Diaz, Inc.*, 286 F.2d 347, 355 (2d Cir. 1961) (holding that husbanding agents generally have no responsibility for the ship's apparatus); *see also Doe v. Timofeevsky*, no. 94-3101, 1995 WL 21662 at *2 (Jan. 18, 1995) (finding that husbanding agent did not owe duty to a customs agent injured on a vessel because the husbanding agent had no control over the vessel).

Viewing the evidence in the light most favorable to the plaintiff, there is no evidence to suggest that (1) Maritime Endeavors and Basden were owners or operators of the vessel[18] or (2) Maritime Endeavors and Basden were employed to maintain or repair the vessel itself.[19] Maritime Endeavors and Basden's responsibilities did not extend to any apparatus of the ship, including the gangway.[20] Maritime Endeavour and Basden therefore are not responsible for Peters' alleged injuries resulting from his fall from the gangway. Accordingly, Maritime Endeavors and Basden did not have a duty to Peters and are not liable for any injuries sustained by him.

---

Husbanding agents provide services such as arranging pilots and towage, clearance through Customs, Immigration and Port Authorities, line handling services, launch hire, and generally assist to fulfil [sic] other special requests of the Owner or Operator as may be required by certain voyage or other instructions. A ship husbanding agent establishes a relationship with third party vendors that will service a vessel when in port.

*Jo Tankers, A.S. v. HBG Logistics, L.L.C.*, no. 11-CV-00938, 2013 WL 104827 (S.D. Tex., Jan. 8, 2013).

[18] [Doc. 24-2] at ¶¶ 7 – 10.

[19] [Doc. 24-2] at ¶¶ 7 – 10.

[20] *Id.* at ¶¶ 9 – 10.

## CONCLUSION

For the reasons stated herein, the defendants' Motion for Summary Judgment will be granted, and the plaintiff's claims against Basden and Maritime Endeavors will be dismissed with prejudice.

Lake Charles, Louisiana, this 28 day of January, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT
JUDGE